UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

LUIS ALBERTO ANGUIANO,

    Petitioner,

v.

DONALD HOLBROOK,

    Defendant.

No. 1:19-cv-03004-SMJ

**ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS**

Before the Court is Petitioner Luis Alberto Anguiano's Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody, ECF No. 1. Petitioner was convicted following a jury trial of first degree murder and first degree assault after he and two others shot a man to death during an attempted robbery. Petitioner alleges the trial court erred by (1) imposing six consecutive firearm enhancements, resulting in an aggregate sentence of 830 months' imprisonment, (2) admitting evidence of Petitioner's earlier role in a robbery at the victim's home, and (3) upholding his conviction for first degree murder despite insufficient evidence. Having reviewed the petition and the state court record, the Court finds no errors violative of clearly established federal law and so dismisses the petition.

ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS – 1

# BACKGROUND

On June 4, 2015, a jury found Petitioner guilty of first-degree murder and first-degree assault, with three separate firearm enhancements as to each count. *See* ECF No. 7-1 at 912–35. Defendant was accused of traveling with three others to the home of Charles Burkybile in Harrah, Washington, where Mr. Burkybile lived with his significant other and two children.[1] *See id.* at 1052–53. Petitioner allegedly participated in a burglary at the home two weeks earlier and knew there to be large quantities of marijuana and cash inside. *Id.* at 1055. Upon arriving, Petitioner and his accomplices briefly spoke with Mr. Burkybile, who told them to leave. *Id.* at 1052, 1055. One of the four men allegedly shot a dog in Mr. Burkybile's yard and Petitioner began to kick the home's front door. *Id.* at 1053, 1055. Petitioner and two of his companions, armed with handguns, then allegedly began to shoot at the home, killing Mr. Burkybile. *Id.* Petitioner, by contrast, contends he shot in self-defense only after Mr. Burkybile began shooting at him. *Id.* From inside, Mr. Burkybile's significant other called the police before Petitioner and the others fled by car. *Id.* at 1054. En route to the scene, an officer saw the men and gave chase.

---

[1] The sequence of events leading up to Mr. Burkybile's death was disputed at trial. Insofar as the disputed events are material, as explained below, the Court finds the evidence sufficient to sustain the jury's verdict. Accordingly, the version of events recounted here is drawn largely from the summary provided by the Washington Court of Appeals on direct review. *See* ECF No. 7-1 at 1052–58.

ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS – 2

*Id.* at 1054. The car crashed, the men fled, and each was eventually apprehended. *Id.* at 1054–55.

The State of Washington charged Petitioner with first degree murder premised both on a killing in the commission of a felony and by extreme indifference to human life; second degree murder in the commission of a felony; two counts of first degree assault; and attempted first degree burglary. *Id.* at 856–60. The case proceeded to a jury trial during which one of Petitioner's accomplices, who was allegedly conscripted to drive the others to the home but did not know they intended to rob the residents, testified for the prosecution. *See id.* at 1053. The jury found Petitioner guilty on all counts and returned special verdicts finding the shooters were armed with three separate handguns in the commission of both crimes. *Id.* at 911–35.

The lesser counts of conviction merged into the first degree murder and first degree assault convictions. *Id.* at 848–54. The trial Court imposed a base sentence of 347 months for the first degree murder conviction plus a 180-month firearm enhancement (comprised of three consecutive sixty-month enhancements) and imposed a 123 month base sentence for the first degree assault conviction plus a 180-month firearm enhancement (again consisting of three consecutive sixty-month enhancements). *Id.* at 849. Each sentence was imposed consecutively and Petitioner was sentenced to a total of 830 months' incarceration. *Id.* at 850.

Petitioner appealed to the Washington Court of Appeals, alleging the trial court erred when it "(1) admitted prior bad acts evidence, (2) found sufficient evidence of extreme indifference, (3) imposed multiple firearm enhancements on each conviction, (4) calculated his offender score without requiring the State to prove prior convictions, and (5) imposed legal financial obligations (LFOs) without inquiring into Mr. Anguiano's ability to pay." *Id.* at 1052. The Court of Appeals found the fifth assertion of error unpreserved and affirmed the trial court on the remaining grounds. *Id.* at 1052–74.

Petitioner sought discretionary review by the Washington State Supreme Court. *Id.* at 1076–1102. Petitioner presented three issues for review, asserting the trial court erred in (1) improperly imposing separate firearm enhancements that ran consecutively, (2) improperly admitting propensity evidence, and (3) sustaining his conviction for murder by extreme indifference despite constitutionally inadequate evidence. *Id.* at 1083. On February 7, 2018, the Washington State Supreme Court denied the petition for review. *Id.* at 1177. The same day, the mandate issued from the Washington Court of Appeals, terminating direct review of Petitioner's conviction and sentence. *Id.* at 1179.

On January 10, 2019, Petitioner sought a writ of habeas corpus from this Court pursuant to 28 U.S.C. § 2254. ECF No. 1. The petition asserts the same three grounds for relief on which he unsuccessfully sought review from the Washington

State Supreme Court: (1) that his "sentence violated the double jeopardy prohibition," (2) that the "use of propensity evidence violated [his] due process rights," and (3) "the insufficiency of evidence and state court decision[-]making process violated due process." ECF No. 1 at 5, 7 & 8. Petitioner also submitted a memorandum setting forth the facts and legal principles he contends supports the petition, ECF No. 1-1. The Court screened the petition and ordered a response from Respondent. ECF No. 4 at 1–2. Respondent filed a response, arguing Petitioner is entitled to no relief. ECF No. 6. Petitioner subsequently sought appointment of counsel, and the Court denied that motion. ECF Nos. 9, 10.

## LEGAL STANDARD

Under 28 U.S.C. § 2254, a person in custody pursuant to a state court judgment may challenge the constitutionality of the basis for his custody in federal court after exhausting his remedies in state court. A petition may be granted with respect to any claim that was adjudicated on the merits in the state court only if the state court's adjudication "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings." *Id.* § 2254(d).

"'[C]learly established Federal law' under § 2254(d)(1) is the governing legal

principle or principles set forth by the Supreme Court at the time the state court renders its decision." *Lockyer v. Andrade*, 538 U.S. 63, 71–72 (2003) (quoting *Williams v. Taylor*, 529 U.S. 362, 405, 413 (2000)). "[A] federal habeas court may overturn a state court's application of federal law only if it is so erroneous that 'there is no possibility fairminded jurists could disagree that the state court's decision conflicts with [the Supreme] Court's precedents.'" *Nevada v. Jackson*, 133 S. Ct. 1990, 1992 (2013) (quoting *Harrington v. Richter*, 562 U.S. 86 (2011)). The state court ruling is presumed correct and the petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence. *Id.* § 2254(e)(1); *McKenzie v. McCormick*, 27 F.3d 1415, 1418–19 (9th Cir. 1994). Additionally, the Court may grant habeas relief only if the challenged error caused "actual prejudice" or had "substantial and injurious effect or influence" on the outcome of the case. *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993).

## DISCUSSION

### A. Petitioner properly exhausted his claims in state court and timely filed the petition

The record demonstrates that Petitioner fairly presented his claims to the Washington Supreme Court and has exhausted his state remedies under 28 U.S.C. § 2254(b). *See* ECF No. 1 at 2–3. Respondent does not dispute this conclusion. ECF No. 6 at 8. The petition was filed on January 10, 2019, within one year from the date on which the Washington Court of Appeals issued the mandate terminating

direct review. ECF No. 1 at 1; ECF No. 7-1 at 1179. The petition is therefore timely. 28 U.S.C. § 2244(d)(1)(A).

**B.    The trial court did not err in applying multiple consecutive firearm enhancements**

In his first ground for relief, Petitioner asserts the trial court erred by sentencing him to an additional 360 months' incarceration as the result of the jury's finding that three different firearms were used by Petitioner and his accomplices in the commission of both the first degree murder and first degree assault. ECF No. 1 at 5; ECF No. 1-1 at 6; *see also* ECF No. 7-1 at 914–16, 924–26. Petitioner contends the application of these enhancements violates the constitutional prohibition against double jeopardy. *See* ECF No. 1-1 at 1.

Washington law requires an additional period of incarceration if, during the commission of certain felonies, "the offender or an accomplice was armed with a firearm." Wash. Rev. Code § 9.94A.533(3). For class A felonies, including both first degree murder and first degree assault, the convicted offender's sentence must be increased by five years. *Id.* at §§ 9.94A.533(3)(a); 9A.32.030(2); 9A.36.011(2). Further, each applicable firearm enhancement must "run consecutively to all other sentencing provisions, including other firearm . . . enhancements for all offenses sentenced under this chapter." *Id.* § 9.94A.533(3)(e).

The Washington State Supreme Court has held this provision "requires a sentencing judge to impose an enhancement for each firearm or other deadly

ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS – 7

weapon that a jury finds was carried during an offense." *State v. DeSantiago*, 68 P.3d 1065, 1073–74 (2003). Put differently, under the deadly weapon enhancement scheme, the relevant "unit of prosecution" is each individual firearm used during the commission of an enumerated felony—whether by the offender or his accomplices. *Id.* at 1072–73 (upholding imposition of two firearm enhancements where offender and one accomplice were each armed). That is, multiple firearms result in multiple enhancements.

The Washington State Supreme Court has also interpreted the statute to require separate enhancements, each running consecutively, for each enhancement-eligible offense an armed offender commits. *State v. Mandanas*, 228 P.3d 13, 15–16 (2010) (citing *DeSantiago*, 68 P.3d at 1075 (Madsen, J., concurring in part and dissenting in part)); *see also State v. Huested*, 74 P.3d 672, 673 (Wash. Ct. App. 2003) ("This statute unambiguously shows legislative intent to impose two enhancements based on a single act of possessing a weapon, where there are two offenses eligible for an enhancement."). Thus where, as here, multiple armed offenders commit multiple enhancement-eligible offenses, the applicable sentence is the product of the number of enhancement-eligible offenses multiplied by the number of weapons the factfinder concludes were present during the commission of those offenses.

This Court is bound by the Washington State Supreme Court's interpretation

ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS – 8

of state law. *Bradshaw v. Richey*, 546 U.S. 74, 76 (2005) (citing *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991); *Mullaney v. Wilbur*, 421 U.S. 684, 691 (1975)). The Court cannot, in other words, grant relief by concluding the Washington courts have incorrectly interpreted the deadly weapon enhancement scheme. Instead, Petitioner is only entitled to a writ of habeas corpus if he can demonstrate that the state court's application of that scheme was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1).

The Fifth Amendment's Double Jeopardy Clause affords criminal defendants three separate constitutional protections. *See* U.S. Const. amend. V. It "protects against a second prosecution for the same offense after acquittal. It protects against a second prosecution for the same offense after conviction. And it protects against multiple punishments for the same offense." *Brown v. Ohio*, 432 U.S. 161, 165 (1977) (quoting *North Carolina v. Pearce*, 395 U.S. 711, 717 (1969)). As to the third protection, the dispositive inquiry is whether the legislature intended multiple punishments to result from the same conduct. *Missouri v. Hunter*, 459 U.S. 359, 366–68 (1983) (citing *Blockburger v. United States*, 284 U.S. 299 (1932)). Thus, "even if . . . two statutes proscribe the same conduct, the Double Jeopardy Clause does not prevent the imposition of cumulative punishments if the state legislature clearly intends to impose them." *Brimmage v. Sumner*, 793 F.2d 1014, 1015 (9th

ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS – 9

Cir. 1986) (citing *id.* at 368–69)).

Having reviewed the record and the relevant authority, the Court cannot conclude the firearm enhancement portions of Petitioner's sentence ran afoul of the Double Jeopardy prohibition. To begin, the trial court correctly sentenced Petitioner based on the jury's finding that both he and each of his two accomplices were armed. *DeSantiago*, 68 P.36 at 1072–73. In light of the *DeSantiago* court's interpretation of the deadly weapon enhancement scheme, Petitioner was not subject to multiple punishments for the same offense, but rather multiple punishments for multiple offenses. *See id.*; *see also Brown*, 432 U.S. at 165. Nor was it a Double Jeopardy violation for the trial court to apply the three firearm enhancements to both the first degree murder and first degree assault offenses, because the Washington Legislature clearly intended to authorize cumulative punishment where a firearm-wielding offender commits multiple enhancement-eligible offenses. *See Mandanas*, 228 P.3d at 15–16; *Brimmage*, 793 F.2d at 1015.

The jury found Petitioner and his companions wielded a total of three firearms in the commission of two enhancement-eligible offenses. ECF No. 7-1 at 914–16, 924–26. As a result of these findings, Washington law required Petitioner be sentenced to six additional, consecutive periods of sixty months' incarceration—for a total of 360 months' incarceration—in addition to the base sentences for first degree murder and first degree assault. In sentencing Petitioner, the trial court

ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS – 10

correctly applied this scheme, which does not violate any clearly established constitutional right. Petitioner is therefore entitled to no relief on this ground. 28 U.S.C. § 2254(d).

**C. Any admission of propensity evidence was not contrary to clearly established federal law**

Petitioner also contends the trial court erred in admitting evidence of his participation in a robbery at the Burkybile residence roughly two weeks prior to the shooting. ECF No. 1 at 7; ECF No. 1-1 at 7–8. Petitioner argues the admission of this evidence, which he contends was contrary to Washington Rules of Evidence 403 and 404(b), amounted to a violation of his Fourteenth Amendment right to due process. ECF No. 1-1 at 7.

As an initial matter, rules of evidence in state courts are matters of state law, and violations of those rules are not independently cognizable on habeas review. *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991) (citing 28 U.S.C. § 2241; *Rose v. Hodges*, 423 U.S. 19, 21 (1975) (per curiam)) ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States."). Accordingly, the only question is whether the state court's admission of evidence of Petitioner's involvement in the prior robbery at the Burkybile residence violated a clearly established constitutional right. *See id.* at 68.

ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS – 11

In 1991, the Supreme Court expressly reserved ruling on the question of whether a criminal defendant's conviction on the basis of so-called "propensity evidence,"—*i.e.*, evidence of the defendant's prior bad acts to prove that in committing the charged offense the defendant acted in conformity with a criminal tendency—would violate due process. *See id.* at 75 n.5 ("Because we need not reach the issue, we express no opinion on whether a state law would violate the Due Process Clause if it permitted the use of "prior crimes" evidence to show propensity to commit a charged crime."). More recently, the Ninth Circuit held the footnote in *Estelle* and subsequent circuit decisions "squarely foreclose[]" the argument that use of propensity evidence violates a defendant's clearly established due process rights. *Mejia v. Garcia*, 534 F.3d 1036, 1046 (9th Cir. 2008) (citing *Alberni v. McDaniel*, 458 F.3d 860 (9th Cir. 2006)); *see also Holley v. Yarborough*, 568 F.3d 1091, 1101 (9th Cir. 2009) (citing *Carey v. Musladin*, 549 U.S. 70, 77 (2006)). In the absence of a clear holding by the United States Supreme Court that a conviction based on propensity evidence is contrary to clearly established federal law, this Court is precluded from granting relief.[2] 28 U.S.C. § 2254(d)(1).

---

[2] Even if that principle were clearly established, the evidence of Petitioner's involvement in the prior robbery was admitted to establish Petitioner's motive and intent in traveling to the Burkybile home—namely, to rob the residence of the valuables he knew were inside. *See* ECF No. 7-1 at 72–75. And while the trial court did not give a limiting instruction cautioning the jury against the so-called "propensity inference," defense counsel never requested one. *See generally id.* Accordingly, it is doubtful Petitioner could establish a due process violation

**D. The evidence supporting Petitioner's conviction for first degree murder by extreme indifference was constitutionally sufficient**

Petitioner's final ground for relief is that the evidence underlying his conviction for first degree murder by extreme indifference was constitutionally insufficient. ECF No. 1 at 8; ECF No. 11 at 8–9. He argues the evidence at trial established that he and his companions "directed their gun fire at Charles Burkybile (who returned fire)" and were unaware that Mr. Burkybile's partner or children were inside the home, which was located in a rural area. ECF No. 1-1 at 8.

In reviewing a claim of constitutionally inadequate evidence the Court's inquiry is narrow and highly deferential: it must consider "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). This standard "leaves juries broad discretion in deciding what inferences to draw from the evidence presented at trial, requiring only that jurors 'draw reasonable inferences from basic facts to ultimate facts.'" *Coleman v. Johnson*, 566 U.S. 650, 655 (2012) (quoting *Jackson*, 443 U.S. at 319)). In evaluating such a claim arising from the verdict of a state jury, the federal habeas court is doubly deferential: first to the jury's factfinding conclusions

---

stemming from admission of the evidence, even if the principle he asserts was clearly established under federal law, because the evidence was admitted for a permissible purpose.

ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS – 13

and second to the state appellate court's review of the petitioner's claim of evidentiary insufficiency, the latter of which will only be set aside if it was "objectively unreasonable." *Id.* at 651.

To convict Petitioner of first degree murder by extreme indifference, the jury was required to find beyond a reasonable doubt that he "(1) acted with extreme indifference, an aggravated form of recklessness, which (2) created a grave risk of death to others, and (3) caused the death of a person." *State v. Yarbrough*, 210 P.3d 1029, 1037 (Wash. Ct. App. 2009) (citing RCW 9A.32.030(1)(b); *State v. Pastrana*, 470, 972 P.2d 557, 561 (Wash. Ct. App. 1999)).

The jury heard evidence that Petitioner and his accomplices fired multiple rounds into an occupied residence, and Petitioner did not dispute this, instead arguing he and his companions acted in self-defense after Mr. Burkybile began shooting at them. ECF No. 7-1 at 676–78. Mr. Burkybile's significant other, however, testified that the shooting began from outside after Mr. Burkybile told Petitioner and the others to leave, they shot the family's dog, and then unsuccessfully attempted to kick down the front door. *Id.* at 99–100. An investigating detective told the jury he counted at least ten bullet holes in the home's exterior and found that several rounds had penetrated interior walls. *Id* at 292. And the shooters' driver, who testified for the prosecution, said that Petitioner was responsible for the majority of the rounds fired—emptying the handgun's magazine

in Mr. Burkybile's direction—and continued to shoot at the home even as the four fled the scene. *Id.* at 503, 513–14.

Having heard this evidence, the Court concludes the jury was equipped to find the essential elements of first degree murder by extreme indifference proven beyond a reasonable doubt. *See Yarbrough*, 210 P.3d at 1037; *Jackson*, 443 U.S. at 319. The jury heard two conflicting stories of the events culminating in Mr. Burkybile's death, and evidently credited the prosecution's version: that stymied in his attempt to rob Mr. Burkybile's home of cash and marijuana, Petitioner shot indiscriminately into an occupied residence and in doing so caused Mr. Burkybile's death. The question is not whether the Court finds the prosecution's theory or its evidence credible, but whether *any* rational juror could arrive at that conclusion and find the essential elements proven beyond a reasonable doubt. *Jackson*, 443 U.S. at 319. The Court has no difficulty concluding a rational juror could do so. Petitioner is therefore entitled to no relief.

**E.     No certificate of appealability shall issue**

An unsuccessful habeas petitioner may only appeal the district court's adverse ruling after obtaining a "certificate of appealability" from a district or circuit judge. 28 U.S.C. § 2253(c)(1)(B). A certificate of appealability should issue only where the petitioner "has made a substantial showing of the denial of a constitutional right." *Id.* at § 2253(c)(2). Such a showing is made when the Court

determines "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 475 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 894 (1983)). The Court finds Petitioner has not made such a showing and thus no certificate of appealability shall issue.

## CONCLUSION

The Court's independent review of the state court proceedings discloses no violations of clearly established federal law. Petitioner is therefore entitled to no relief, and the petition is dismissed. Moreover, the Court cannot find that reasonable jurists could debate the merits of Petitioner's claims on habeas review, and thus no certificate of appealability shall issue.

Accordingly, **IT IS HEREBY ORDERED**:

1. Petitioner Luis Alberto Anguiano's Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody, **ECF No. 1**, is **DISMISSED**.

//

//

//

//

ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS – 16

2. No certificate of appealability shall issue because the Court finds Petitioner has not made a substantial showing of the denial of a constitutional right.

3. The Clerk's Office is directed to **CLOSE** this case.

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and provide copies to all counsel and Petitioner.

**DATED** this 24th day of March 2020.

_____
SALVADOR MENDOZA, JR.
United States District Judge

ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS – 17